## Commonwealth ex rel. Shearston v. Shearston, Appellant.

Argued October 1, 1929.

472

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Sidney H. Mandel,* for appellant.

*Hugh D. Scott, Jr.,* Asst. District Attorney, and with him *John Monaghan,* District Attorney, and *L. Arthur Greenstein,* for appellee.

OPINION BY CUNNINGHAM, J., December 12, 1929:

Appellant appeals from an order of the municipal court entered April 26, 1929, dismissing his petition, filed March 21, 1929, for a revocation, or at least a reduction, of an order entered against him March 15, 1928, directing him to pay $14 per week for the support of his two children.

This matter has been before the courts in various forms since 1927. Appellant and his wife separated September 1, 1926; the order was for the support of the children only. It is not necessary to review in detail the intervening proceedings. When the order of March 15, 1928, was made appellant was employed as the driver of a laundry wagon at $25 per week and occupied a property owned by his wife and himself by entireties; shortly thereafter the furniture in the house was replevined by his wife and the real estate sold by the sheriff upon a judgment in favor of her mother. As a result of the sale the wife received out of the

surplus $2,100 and the husband $1,200; out of this appellant paid $149 arrearages, $600 as counsel fees and used the balance for the payment of debts and for his own use. We are not satisfied that a proper application was made of the money received by appellant from the realty but we are now past that point. Shortly after the sale appellant's health became affected and he lost his work. On October 8, 1928, appellant, being in arrears several hundred dollars, was committed; after serving more than three months he instituted habeas corpus proceedings in this court which terminated with the entering of an order reading: "And, now, January 25, 1929, the relator is discharged from custody subject to the right of the Commonwealth to proceed de novo in the municipal court for a determination of the extent of the liability of the relator under the circumstances as they may then exist for the support of his children."

The Commonwealth did not avail itself of the reservation in its favor but the next step in the proceedings was the filing by appellant of the petition, the dismissal of which is now assigned for error.

The testimony indicates that appellant, after his discharge from imprisonment, was a charity patient in one hospital from February 17th to March 26th and in another from April 16th to April 22, 1929, and at the time of the hearing on April 26, 1929, was not in condition to earn enough to support himself. On the other hand we are not satisfied that appellant, when able, ever made an honest effort to contribute toward the support of his children in accordance with his ability to pay. The refusal of the court below to take any action upon the petition of March 21, 1929, was not justified by the testimony at the hearing; that testimony showed appellant's health was impaired and there was no evidence of any earning capacity at that time. It was stated by counsel for appellant during

the oral argument that he is now employed as a taxi driver, earning $19 a week; that counsel had advised him that he should pay all he could for the support of his children and that appellant had promised to pay at least $5 per week. The representative of the Commonwealth stated that he had no knowledge of the making of any payments. Under the evidence, and in view of the statement of appellant's counsel at bar, we have concluded that this record should be returned to the court below for further appropriate proceedings in that court. We therefore enter the following order:

The order of April 26, 1929, is reversed and the petition reinstated; the record is remitted to the court below with instructions to take testimony relative to the present employment and earning capacity of appellant and to make such order, based upon that testimony and the evidence taken at the hearing on April 26, 1929, as may be justified; any proceedings looking toward the collection of existing arrearages to be suspended until such time as evidence may be presented of the ability of appellant to make payments on account thereof.